IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN GRADILLAS, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> LINCOLN GENERAL INSURANCE CO., ET AL., <br><br> Defendants. | No. C 12-03697 CRB <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THE COMPLAINT, ENTER JUDGMENT, AND INCLUDE PRE-JUDGMENT INTEREST** |

Plaintiffs Lillian and Chris Gradillas ask the Court to take a variety of steps in connection with concluding their case against Defendant Lincoln General Insurance Company ("Lincoln") in this Court. See generally Mot. (dkt. 78) (hereinafter "Motion to Amend"). As explained below, the Court grants in part and denies in part Plaintiffs' Motion.

**I. BACKGROUND[1]**

The Court granted Plaintiffs' Motion for Partial Summary Judgment on their breach of contract claim in December 2012. See generally Order Re PMSJ. Plaintiffs then moved to (1) amend their Complaint to dismiss certain claims against Lincoln, (2) enter judgment as to Lincoln, and (3) include prejudgment interest pursuant to either California Civil Code § 3291 and California Code of Civil Procedure § 998, or California Civil Code §§ 3287 and 3289. See generally Mot. Lincoln moved for an extension of time based on alleged discovery

---

[1] The Court provides a brief summary of relevant facts here, having set out the facts in greater detail in its Order of December 3, 2012. See Order Re PMSJ (dkt. 77) at 2-3.

abuses in this Court and alleged collusion in the state court. See Mot. for Extension (dkt. 91). The Court vacated the hearing on the Motion to Amend and set a case management conference in order to address the parties' discovery issues. See Order Vacating (dkt. 96). The Court held a case management conference on February 22, 2013, see Minutes (dkt. 100), and then a second one, following supplemental briefing on the collusion issue, on March 8, 2013, see Minutes (dkt. 104). At the March 8, 2013 case management conference, the Court resolved the discovery issues, finding that Lincoln had not made a sufficient showing to conduct additional discovery. See id. The Court took the Motion to Amend under submission.

The Court now rules on the Motion to Amend.

## II. DISCUSSION

### A. Amending the Complaint and Entering Judgment

Plaintiffs wish to amend their Complaint under Federal Rule of Civil Procedure 15 to dismiss the remaining claims against Lincoln, so that the Court can enter judgment under Federal Rule of Civil Procedure 54(b) against Lincoln. See Mot. at 4. Plaintiffs explain, "[i]f the Rule 54(b) request is denied, Plaintiffs will respectfully withdraw their request to amend under Rule 15." The two requests are thus linked.

Per Rule 15(a)(2), a party in Plaintiffs' position "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Per Rule 54(b), "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Supreme Court has set out a two-part test for Rule 54(b) motions: first, a court must "determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the court of a multiple claims action.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Robuck & Co. v. Mackey, 351 U.S. 427, 436

(1956)). Here, indisputably, the Order Re PMSJ finally resolved Plaintiffs' breach of contract claim. Second, if the order is "final," the Court must decide if "there is any just reason for delay." Id. at 8-9. The Court finds no such reason here.

Lincoln makes several arguments as to why there is a just reason for delay, most of which do not have merit.[2] The only argument that gives the Court pause is Lincoln's concern that Plaintiffs have not specified whether they are seeking to dismiss the remaining claims – breach of the covenant of good faith and fair dealing, and a collection claim under California Insurance Code § 11580, see FAC (dkt. 52) – with prejudice or without. See Opp'n at 10. Lincoln asks that the Court only grant dismissal with prejudice, lest Lincoln (and the Ninth Circuit) be twice faced with litigation over similar claims. Id. at 9.

The Court dismisses the remaining claims <u>without prejudice</u>, with such dismissal to become <u>with</u> prejudice only if this Court's grant of summary judgment on the breach of contract claim stands at the completion of appellate review. See Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). Based on Plaintiffs' representations, see Mot. at 6, Plaintiffs will not pursue the remaining claims if they are able to make their breach of contract claim stick. If this Court's breach of contract ruling is reversed on appeal, however, Plaintiffs should be permitted to pursue their remaining claims against the defendants. The Court is mindful of the "historic federal policy against piecemeal appeals." See Curtiss-Wright Corp., 446 U.S. at 8. But, should an appellate court reverse this Court on the breach of contract claim, finding, for example, that the rape at issue in the underlying case did <u>not</u> arise out of the "use" of the party bus, its holdings would not need to be revisited in connection with the

---

[2] Lincoln focuses largely on the collusion issue, which the Court has already rejected. See Opp'n (dkt. 90) at 3-7. To the extent that Lincoln also complains about Plaintiffs' desire to dismiss Lincoln but to keep the Doe Defendants in the case, this complaint has little merit. Plaintiffs make clear that they "were only compelled to add the other alter-ego companies as Doe Defendants . . . because Plaintiffs were notified that Lincoln General was in an insurance-run-off," and "have no interest in pursuing the remaining Defendants, or the remaining claims, if Lincoln General is able to satisfy the federal court judgment." Mot. at 6. Maintaining the suit against the Doe Defendants therefore does no harm.

3

1 remaining claims. See id. at 9 (courts may consider whether an appellate court "would have
2 to decide the same issues more than once.").

3 The Court therefore GRANTS Plaintiffs' request to dismiss the remaining claims, on
4 the terms described above, and GRANTS Plaintiffs' request to enter judgment on the breach
5 of contract claim against Lincoln.

**B. Prejudgment Interest**

Plaintiffs also seek prejudgment interest under either California Civil Code § 3291, or, in the alternative, California Civil Code § 3287(a). See Mot. at 8-9. Section 3291 provides in part:

> If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept . . . within 30 days . . . and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure[3] which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment.

Cal. Civ. Code § 3291. Section 3287 provides in part:

> Every person who is entitled to recover damages certain . . . and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

Cal. Civ. Code § 3287. Neither statute is applicable here.

Section 3291 is not applicable because – although the Court finds that there were valid 998 offers here – the judgment arrived at by Plaintiffs and Kenneth Nwadike was a stipulated judgment. Essentially, it was a settlement agreement. When the parties agreed to settle the case for $2.5 million, they knew that 998 offers had been made and not accepted within 30 days. Armed with such knowledge, they agreed that "The Final Judgment is a final and binding resolution and settlement of <u>all matters set forth in the complaint and all matters related thereto</u>." See Carozza Decl. Ex. 3 (dkt. 55-2) at 62 (emphasis added). Such language

---

[3] That section states in part that "any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. The written offer shall include a statement of the offer, containing the terms and conditions of the judgment or award, and a provision that allows the accepting party to indicate acceptance of the offer. . . ." Cal. Code Civ. Proc. § 998.

4

leads the Court to conclude that the $2.5 million judgment subsumed not only Plaintiffs' claims for damages but also their claim to prejudgment interest. See Guthrie v. Times-Mirror Co., 51 Cal. App. 3d 879, 885 (1975) ("Where parties are aware at the time the contract is entered into [of matter], [that matter] is assumed as an element of the bargain."). Certainly, Plaintiffs have not demonstrated that their claim to prejudgment interest was not subsumed within the stipulated judgment. Thus, in Greentree Financial Group, Inc. v. Execute Sports, Inc., 163 Cal. App. 4th 495, 502 (2008), the court explained that, where the parties had stipulated to resolve a dispute for $20,000, but the sum was unallocated and "may or may not have included" prejudgment interest, there was "no basis for awarding Greentree its . . . prejudgment interest in addition to the stipulated settlement sum." That court further found that Greentree was entitled to postjudgment interest on the judgment. Id.

Section 3287 is not applicable because what Plaintiffs are really asking for is postjudgment interest. There were no "damages certain" (the $2.5 million) in this case before the stipulated judgment was entered. See Wisper Corp. v. Cal. Commerce Bank, 49 Cal. App. 4th 948, 960-61 (1996) (section 3287 prejudgment interest not appropriate where amount of damages cannot be resolved except by verdict or judgment). Plaintiffs are seeking interest from the date the stipulated judgment was entered until the judgment is satisfied. See Mot. at 8-9. This is better classified as postjudgment interest pursuant to California Code of Civil Procedure § 685.010 ("Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."). See also John Siebel Assocs. v. Keele, 188 Cal. App. 3d 560, 565 (1986) (ten percent rate applies to stipulated judgments as well as judgments rendered by a court). Lincoln does not dispute that Plaintiffs are entitled to such interest. Opp'n at 13-15.[4] Nonetheless, the Court need only hold at this time that Plaintiff's request for prejudgment interest under section 3287 is inappropriate.

---

[4] Lincoln argues only that the date Plaintiffs urge for entry of judgment, February 6, 2012, is incorrect, and that the Court should instead start the postjudgment interest clock from September 14, 2012, when the state court entered the nunc pro tunc judgment. Id. As the Court awards no interest in this Order, it need not presently resolve the parties' dispute about the effect of the nunc pro tunc judgment.

5

The Court therefore DENIES Plaintiffs' request for prejudgment interest pursuant to California Civil Code § 3291 or California Civil Code § 3287(a).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

Dated: March 22, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE